UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEAH HOUSLEY, *et al.*,

    Plaintiffs,

v.

THOR MOTOR COACH INC., *et al.*,

    Defendants.

CAUSE NO. 3:21-CV-133 DRL-MGG

## OPINION & ORDER

Leah and Michael Housley purchased a recreational vehicle manufactured by Thor Motor Coach, Inc. that they claim has several defects. Repairs were unsuccessful they say. They sued for express warranty, implied warranty, negligence, and violations of state anti-deception consumer statutes. Thor filed a partial motion to dismiss or to strike the claims resting on issues with the chassis, rust, and corrosion—all issues that its express warranty excluded from its coverage. The court grants the motion as to the express warranty claim only, else denies the motion.

## BACKGROUND

These facts emerge from the complaint's well-pleaded allegations. The Housleys purchased a 2019 Thor Palazzo recreational vehicle from Meyer's RV Centers, LLC d/b/a Camping World RV Sales-Apollo for $180,880.28. Thor manufactured the unit and provided a written limited warranty [ECF 8-1]. The warranty excluded chassis damage, including from rust and corrosion.

Thor received the chassis from its supplier on December 5, 2018. It was stored outside over the winter until February 26, 2019. Thor delivered the recreational vehicle to Camping World on March 4, 2019, at which time this dealer noted that the unit was covered with white salt from the winter roads and was too dirty to see the paint.

Winter turned to spring, then summer, and then fall, and the Housleys purchased the unit on September 24, 2019. Shortly after receiving their vehicle, the Housleys say they noticed several defects that diminished its value and impaired their use. The Housleys brought it for repairs for one day on September 24, 2019; for eighty-one days on December 3, 2020; for three days on June 16, 2020; for five days on July 6, 2020; for eleven days on July 20, 2020; for ten days on August 3, 2020; for seven days on August 25, 2020; for one day on August 31, 2020; and for one day on October 2, 2020.

During the October 2, 2020 visit, the Housleys were informed by the chassis manufacturer that six bolts that mounted the body to the frame had rusted off, finally providing answers to a clunking noise the Housleys reported since July 2020. The noise seemed to come from the unit bouncing and hitting the chassis during operation. The technician told the Housleys that the rust in the unit's frame and underbelly was excessive for a recreational vehicle of that age and that the rust would only continue. Despite the attempted repairs, the Housleys claim the unit remains defective.

## STANDARD

Under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). This "context-specific task [] requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

Generally, if a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert [the motion] into a motion for summary judgment under Rule 56 . . . or exclude

the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (citation omitted). There is a narrow exception: a dismissal motion can rest on critical documents, central to the claim and referred to in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *188 LLC*, 300 F.3d at 735. This allowance permits consideration of Thor's warranty today. *See Levenstein*, 164 F.3d at 347.

Rule 12(f) alternatively allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court has "considerable discretion" to strike such material. *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). For instance, the court may strike allegations when "the matter bears no possible relation to the controversy or may cause the objecting party prejudice." *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

DISCUSSION

The Housleys assert alternative claims under Indiana and Pennsylvania law. Neither side identifies a conflict today or advances a developed theory exclusive to Pennsylvania law, so the court applies Indiana law in deciding this motion.[1] *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004).

Thor's written warranty excludes from coverage the "automotive chassis" and "rust and corrosion" [ECF 8-1 at 8]. The Housleys concede their written warranty claim must rest on allegations of defects other than these issues. The court dismisses the express warranty claim to the extent that it relies on defects in the chassis or from rust or corrosion. The Housleys already dismissed their negligence claim properly under Rule 41 [ECF 11].

---

[1] The warranty also contains a sweeping choice of law provision, requiring Indiana law for any contract or tort claims arising out of or relating to the written warranty. *See, e.g., Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909-10 (7th Cir. 1999) (viewing such language as "broad and capable of an expansive reach").

3

That leaves for analysis only claims for implied warranty and under Indiana's Deceptive Consumer Sales Act. Thor never challenged the implied warranty claim in its motion other than to seek the exclusion of rust-based or chassis-based allegations. Its turnabout in reply to argue that the implied warranty theory has been inadequately adumbrated is too late.

The Housleys pursue solely an implied warranty of merchantability theory in this case. "[A] warranty that goods shall be merchantable is implied in all sales contracts if the seller is a merchant with respect to goods of that kind." *Frantz v. Cantrell*, 711 N.E.2d 856, 859 (Ind. Ct. App. 1999) (emphasis omitted); *see* Ind. Code § 26-1-2-314. The law imposes this obligation to protect the buyer and liberally construes the protection in the buyer's favor. *See Frantz*, 711 N.E.2d at 859. The Housleys need not be in privity with the distant manufacturer. *See Hyundai Motor Am., Inc. v. Goodin*, 822 N.E.2d 947, 948 (Ind. 2005). To be merchantable, the recreational vehicle must pass without objection in the trade and suit its ordinary purpose. *See* Ind. Code § 26-1-2-314(2).

The Housleys plead an implied warranty—namely the merchantable quality of this recreational vehicle [ECF 1 ¶¶ 48-49]—that Thor breached by improperly maintaining the vehicle and permitting it to rust prematurely [*id.* ¶¶ 19, 23-24, 28]. *See Frantz*, 711 N.E.2d at 860. Thor argues nonetheless that its written warranty exclusions should bar relief under an implied warranty theory. Indiana UCC law allows an implied warranty to be disclaimed or modified, *see* Ind. Code § 26-1-2-316, but the MMWA prohibits Thor, as a seller that offers a written warranty with its product, to "disclaim or modify" any implied warranty to the consumer, 15 U.S.C. § 2308(a).

Neither the UCC nor the MMWA defines "modify." Modifications are "changes that eliminate the quality commitment in a warranty" or "limit the circumstances in which the seller or manufacturer may be deemed to be in breach of warranty." *Martin v. Thor Motor Coach Inc.*, 474 F. Supp.3d 978, 983 (N.D. Ind. 2020) (collecting cases) (quotation omitted). Reading this word more narrowly would be inconsistent with the liberal protection of an implied warranty claim, *see Frantz*, 711 N.E.2d at 859,

4

and the federal statute's plain meaning and instituted protections. Indeed, a modification is ineffective for purposes of *both* the MMWA and the state law that informs this federal vehicle for implied warranty claims. *See* 15 U.S.C. § 2308(c); *see also Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 781 (7th Cir. 2011); *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001).

Thor's written warranty purports to modify the implied warranty. It cannot. *See* 15 U.S.C. § 2308(a); *Andersen v. Thor Motor Coach, Inc.*, 402 F. Supp.3d 467, 478 (N.D. Ind. 2019); *see also Martin*, 474 F. Supp.3d at 983. The court denies the company's motion to dismiss the implied warranty claim or to strike allegations of rust or corrosion vis-à-vis this claim. The question remains whether the unit was merchantable because of these issues, not whether it complied with Thor's express warranty.

That leaves the IDCSA claim. The IDCSA prohibits "unfair, abusive, or deceptive" acts in a consumer transaction. Ind. Code § 24-5-0.5-3(a). The IDCSA contains a non-exclusive list of some forty violative acts. Ind. Code § 24-5-0.5-3(b); *see Gasbi, LLC v. Sanders*, 120 N.E.3d 614, 619-20 (Ind. Ct. App. 2019). Though non-exclusive and liberally construed, *see* Ind. Code § 24-5-0.5-1, the statute's protections have been glossed only for acts that are "truly unfair, abusive, or deceptive." *Litsinger v. Forest River, Inc.*, 2021 U.S. Dist. LEXIS 83190, 40 (N.D. Ind. Apr. 30, 2021).

The Housleys plead seventeen uncured deceptive acts. *See Smith v. Nexus RVs, LLC*, 468 F. Supp.3d 1012, 1026 (N.D. Ind. 2020) (describing difference between "incurable" and "uncured" acts). This kitchen-sink approach is rarely helpful, but among these seventeen the Housleys allege that Thor breached its obligations by representing that the vehicle had "performance, characteristics, accessories, uses, or benefits" it didn't have that Thor knew or should reasonably have known it lacked, and representing that it was "of a particular standard, quality, grade, style, or model" when it wasn't and when Thor knew or reasonably knew it wasn't. Ind. Code §§ 24-5-0.5-3(b)(1), (b)(2).

The Housleys say Thor (and its dealer) represented the recreational vehicle was new when in fact it had excessive rust [ECF 1 ¶¶ 19, 29]. The Housleys allege that Thor received the chassis on

December 5, 2018 but overwintered it outside for nearly three months without conducting the maintenance required by the chassis manufacturer in its supply contract [*id.* ¶¶ 23-24]. The Housleys say Thor knew of the rust, not least through its dealer's presale inspection [*id.* ¶ 28]. Demonstrable known rust reasonably supports an IDCSA claim when Thor otherwise said the vehicle was "new."

Thor raises a fair point that its written warranty excludes rust and corrosion, including in the chassis, in such a way that the company might initially argue that the Housleys should not have had an expectation that the recreational vehicle was rust-free. But that concerns warranty liability, not tort liability; and a manufacturer can make representations that support the pursuit of tort-based liability independent of warranty obligations, and assuredly so at the pleading stage based on these allegations.

This isn't merely a threadbare warranty claim redressed in IDCSA clothing. This complaint offers specific facts to support Thor's knowledge, its duties, and then its representation despite this knowledge. The Housleys say Thor had prior knowledge, not merely that it broke a contractual promise. *Cf. Zylstra v. DRV, LLC*, 8 F.4th 597, 610 (7th Cir. 2021); *McKinney v. State*, 693 N.E.2d 65, 73 (Ind. 1998). They also pursue only an uncured deceptive act, not one requiring an intent to defraud. The key measure then is what the statute says—Thor's prior or capable knowledge. *See* Ind. Code §§ 24-5-0.5-3(b)(1), (b)(2). In addition, this issue was in the nature of a latent or hidden defect—and pleaded that way as frame and undercarriage rust that the Housleys could not be expected to observe [ECF 1 ¶ 29]. Each of these features within the complaint distinguishes this claim from a mine-run warranty claim. *See Litsinger*, 2021 U.S. Dist. LEXIS 83190 at 43.

## CONCLUSION

Accordingly, the court GRANTS the motion to dismiss the express warranty claim based on issues related to the chassis, rust, or corrosion but otherwise DENIES the motion [ECF 7].

SO ORDERED.

October 7, 2021                            *s/ Damon R. Leichty*
                                                                  Judge, United States District Court